IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:15-cr-80 |
| Plaintiff, | |
| -vs- | Judge Michael R. Barrett |
| LANCE EALY, | |
| Defendant. | |

### ORDER

This matter came on for consideration of Defendant Lance Ealy's *Pro Se* Motion to Dismiss (Doc. 17), the Government's Response in Opposition (Doc. 19), and Defendant Lance Ealy's *Pro Se* Reply (Doc. 21). Defendant's *Pro Se* Motion is overruled for the following reasons.

Defendant may not challenge the sufficiency of the Government's evidence on a Motion to Dismiss, and the Court is limited to reviewing the face of the indictment itself to determine if it fails to state a claim or an event. "[T]o be legally sufficient, the indictment must assert facts which in law constitute an offense; and which, if proved, would establish *prima facie* the defendant's commission of that crime." *United States v. Superior Growers Supply, Inc.,* 982 F.2d 173, 177 (6th Cir. 1992). The indictment is legally sufficient when it tracks the statutory language and alleges sufficient facts to prove the violation of a statute. *See, e.g., United States v. Kelley*, 459 F. App'x 527, 530 (6th Cir. 2012) (citing *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010); *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001)); *United States v. Collis*,

1

128 F.3d 313, 317 (6th Cir. 1997). Here, the indictment is legally sufficient and any attempt to challenge the merits of the government's case through the motion to dismiss is improper. This argument is overruled.

Defendant also argues that the three counts in the Indictment are for the same offense. In this case, each count alleges that Defendant failed to appear on three specific trial dates. The danger of such a multiple count indictment is that the Defendant will be given multiple sentences for the same offense, which would violate the Constitution's provisions against double jeopardy. *United States v. Gibbons*, 994 F.2d 299, 301 (6th Cir. 1993). However, any such resultant harm to the Defendant may be remedied here during the sentencing phase if, in fact, convictions are returned on all of the counts. *United States v. Sanford, Ltd.*, 859 F. Supp. 2d 102, 123-24 (D.D.C. 2012) (citing *United States v. Josephberg*, 459 F.3d 350, 355 (2d Cir. 2006)). This argument is overruled.[1]

Defendant further contends that he may receive multiple punishments for the same offense in violation of the Double Jeopardy Clause if he receives a sentencing enhancement upon the allegations in the instant case. Defendant states that the suggested 2-point enhancement and the instant Indictment create a double jeopardy situation and that the United States therefore should be estopped from proceeding. However, there has not yet been an adjudication of an alleged enhancement because he has not been sentenced in the underlying case. Moreover, the government faces a lesser burden of proof at sentencing then at trial. In a situation that is analogous to the one presented here, the Supreme Court has held that prosecution for a criminal act that

---

[1] To the extent Defendant also is arguing that the counts combine two or more distinct offenses into a single count, the argument is overruled as well because each count of the indictment charges only a single offense.

resulted in revocation of supervised release did not raise double jeopardy concerns in part because such findings for a supervised release violation need only be made by a preponderance of the evidence. *C.f. Johnson v. United States*, 529 U.S. 694, 700 (2000). Therefore, the Court overrules this argument.

Defendant's next argument that the Indictment should be dismissed due to minority exclusion from the Grand Jury is not supported by any evidence. The United States attached the mechanism by which jurors are drawn in the Southern District, which procedure is supported by caselaw in Sixth Circuit that has "explicitly recognized that '[v]oter registration lists are the presumptive statutory source for potential jurors' and that the Constitution does not require a supplemental source 'simply because an identifiable group votes in a proportion lower than the rest of the population.'" *United States v. Miller,* 562 F. App'x. 272, 281 (6th Cir. 2014) (quoting *United States v. Odeneal*, 517 F.3d 406, 412 (6th Cir. 2008)). Therefore, Defendant has not met his burden and the argument is overruled.

Accordingly, Defendant's *Pro* Se Motion (Doc. 17) is **OVERRULED**.

**IT IS SO ORDERED**.

                                                s/Michael R. Barrett_____
                                                Michael R. Barrett, Judge
                                                United States District Court