**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | | Case No. 3:15-cr-80 |
| Plaintiff, | : | |
| | | Judge Thomas M. Rose |
| v. | : | |
| | | |
| LANCE EALY, | : | |
| | | |
| Defendant. | : | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This case came before the Court on October 22, 2015 for a bench trial of Defendant Lance Ealy on three counts of knowingly failing to appear for trial in violation of 18 U.S.C. § 3146(a)(1). After giving careful consideration to the testimony of the witnesses, the exhibits admitted at trial, and the applicable law, the Court makes the following findings of fact and conclusions of law pursuant to Fed. R. Crim. P. 23(c).[1]  In addition, the Court will rule on the motion for a judgment of acquittal under Fed. R. Crim. P. 29 brought by Ealy at the conclusion of the Government's evidence.

**I.    FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Indictment alleges that Ealy, having been charged with multiple violations of Title 18 of the United States Code in the case of *United States v. Lance Ealy*, Case No. 3:13-cr-175 ("*Ealy 1*"), and having been released pursuant to chapter 207 of Title 18 of the United States Code, did knowingly fail to appear before this Court for trial on November 17, 18, and 19, 2014, as required

---

[1] Under Rule 23(c), following a bench trial, the Court must state its specific findings of fact only if requested by a party "before the finding of guilty or not guilty."   Here, neither the Government nor Ealy has made such a request, but the Court nonetheless provides limited findings of fact for purposes of explaining its verdict.

by the conditions of his release. (Doc. 2 at 1-5.) The Indictment charges Ealy with three counts of violating of 18 U.S.C. § 3146(a)(1), which correspond to the three dates when he is alleged to have failed to appear for trial. (*Id*.)

> Section 3146(a)(1) provides, in relevant part:
>
>> Whoever, having been released under this chapter [207] knowingly — (1) fails to appear before a court as required by the conditions of release shall be punished as provided in subsection (b) of this section.

18 U.S.C. § 3146(a)(1). To prove that Ealy is guilty of each Count in the Indictment, the Government must establish, beyond a reasonable doubt, the following elements: (1) that Ealy was released under Chapter 207 of Title 18 of the United States Code; (2) that the conditions of his release required him to appear before the Court; and (3) that Ealy knowingly failed to appear before the Court as required. S*ee* 18 U.S.C. § 3146(a)(1); *United States v. Colon-Osorio*, 10 F.3d 41, 45 (1st Cir. 1993). The Courts of Appeals are split on the state of mind that the prosecution must prove to secure a conviction under Section 3146(a)(1) – specifically whether the defendant "knowingly" or "willfully" failed to appear. *Cf. Colon-Osorio*, 10 F.3d at 45 (applying a "knowing" standard) and *United States v. Locklin*, 530 F.3d 908, 910-11 (9th Cir. 2008) (applying a "willfulness" standard). The Sixth Circuit has not yet taken a position on this issue.

To establish that a defendant knowingly failed to appear, "the defendant's decision not to appear must be made voluntarily and intentionally and not because of accident or mistake." *United States v. Williard*, 726 F. Supp. 590, 595 (E.D. Pa. 1989), aff'd, 914 F.2d 245 (3d Cir. 1990) (citing *Screws v. United States*, 325 U.S. 91, 101–102, 65 S.Ct. 1031, 1035, 89 L.Ed. 1495 (1945)). "To act willfully means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or

disregard the law—not to act by ignorance, accident or mistake." *United States v. Kinsella*, 545 F. Supp. 2d 148, 153 (D. Me. 2008) (quoting Judge D. Brock Hornby's 2008 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 2.16). The Court need not decide this issue because the Government has proven that Ealy is guilty of all three Counts in the Indictment under both a knowing and willful state-of-mind requirement.

Section 3146(b) provides, in pertinent part, that the punishment for failure to appear is a fine or imprisonment for not more than ten years, or both, if the defendant was released in connection with a charge of "an offense punishable by death, life imprisonment, or imprisonment for a term of 15 years or more." The Court has taken judicial notice that, in *Ealy 1*, Ealy was charged with violations of 18 U.S.C. § 1343 (Fraud by wire , radio, or television) and 18 U.S.C. § 1341 (Frauds and swindles), which are punishable by terms of imprisonment not to exceed twenty years. *See* Gov't Ex. 13 (Second Superseding Indictment); 18 U.S.C. § 1341; 18 U.S.C. §1343.

The Court's specific findings of fact and conclusions of law with respect to each of the three Counts in the Indictment are as follows.

### A.  Count One – Failure to Appear at Trial on November 17, 2014

Under Count One of the Indictment, Ealy is charged with knowingly and willfully failing to appear at trial on November 17, 2014. As to the first element of the offense, the Court finds that the Government has established, through the "Order Setting Conditions of Release" (Gov't Ex. 3), "Petition for Action on Conditions of Pretrial Release" (Gov't Ex. 4), and testimony of Kelvin Gover of United States Pre-trial Services, that Ealy was released pending trial under Chapter 207 of Title 18 of the United States Code.

As to the second element, the Court finds that the conditions of Ealy's release required him to appear before the Court for trial on November 17, 2014. The Order Setting Conditions of

Release provides that Ealy "must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose." (Gov't Ex. 3 at 1, ¶ 4.) On Friday, November 14, 2014, Ealy attended the ninth day of his trial before the Honorable Michael R. Barrett in *Ealy 1*. (Gov't Ex. 5 at 1.) At the close of evidence, Judge Barrett instructed the jury that trial would resume at 8:30 am on the following Monday, November 17, 2014, and placed the Court in recess. (*Id.* at 78.) Ealy acknowledged that trial would resume that Monday by stating on the record that he would raise a particular evidentiary issue with the Court at that time. (*Id.* at 82.) The Court then instructed the parties: "See you guys Monday. Let's start at 8:30 sharp." (*Id.*) Ealy therefore knew of his obligation to attend trial beginning at 8:30 am on November 17.

The Government also established the third and final element – that Ealy knowingly and willfully failed to appear before the Court as required. The testimony at trial establishes that the Court held trial on November 17, 18, and 19, and that Ealy did not appear before the Court on any of those dates. The evidence also establishes that Ealy's failure to appear was knowing and willful. Gover testified that, as a condition of his release, Ealy was required to wear an electronic transmitter fastened to an ankle bracelet so that Pre-trial Services could monitor his location. During the early morning hours of November 15, 2014, Gover received alerts from the company that monitored Ealy's location through his ankle bracelet. The alerts indicated that Ealy left his home at 12:36 am and returned to his home at 1:35 am – both without authorization. The company also reported that a "tamper" with Ealy's ankle bracelet occurred later that night. The Government introduced Ealy's ankle bracelet into evidence, which had been recovered from his residence. (Gov't Ex. 1.) The strap on the ankle bracelet had been cut.

From the night of November 15 through November 17, 2014, Gover made multiple attempts to contact Ealy. Gover called Ealy at his residence and on his cell phone; called and left

messages with Ealy's father and Ealy's brother; made two or three visits to Ealy's residence; and made visits to both his mother's residence and his father's evidence. Despite all of these efforts, Gover was unable to contact Ealy.

On November 15, 2014, Gover filed a petition with the Court asserting that Ealy had violated the conditions of his release and requesting issuance of an arrest warrant. (Gov't Ex. 4.) The Court granted the petition and an arrest warrant issued. (*Id.*) Clay Cleveland of the U.S. Marshals Service testified that, on March 18, 2015, he arrested Ealy at an apartment in Georgia. Prior to entering the apartment, Cleveland's team knocked and announced the U.S. Marshals' presence, but no one answered the door. The Marshals Service then breached the apartment door and Cleveland saw Ealy at the top of the stairs. Ealy showed his hands, but then retreated and hid from the Marshals Service. The Marshals Service ultimately found Ealy "hiding in a corner" and placed him under arrest.

These facts establish that Ealy's failure to appear on November 17 was knowing and willful, and not an accident or mistake. Ealy's ankle bracelet was cut from his leg, which prevented Pre-trial Services from tracking his location. Ealy then avoided contact with Pre-trial Services, despite Gover's many attempts to reach him. Ealy further demonstrated that he was intentionally violating the conditions of his release when he attempted to hide from the U.S. Marshals Service prior to his capture.

On the morning of trial, Ealy filed a document titled "Notice of Necessity Defense." (Doc. 29.) In the document, Ealy asserts that he "absconded" from trial because he "reasonably believed he was under an imminent and impending threat of serious injury concerning his mental health and his capacity to proceed pro-se to [sic] trial." (*Id.* at 1.) Ealy argues that he was overwhelmed by voluminous discovery produced to him before trial and the burden of preparing

his own defense.  (*Id.* at 1-2.)  Ealy represents that he moved for a continuance of the trial, but his motion was denied. (*Id*. at 2-3.)

Under 18 U.S.C. §3146(c), it is an affirmative defense to a prosecution for failure to appear:

> [T]hat uncontrollable circumstances prevented the person from appearing or surrendering, and that the person did not contribute to the creation of such circumstances in reckless disregard of the requirement to appear or surrender, and that the person appeared or surrendered as soon as such circumstances ceased to exist.

The argument in Ealy's "Notice of Necessity Defense" does not establish an affirmative defense under Section 3146(c).  Ealy did not introduce any evidence at trial to support this argument, which alone is fatal to the defense.  Nonetheless, even if Ealy had produced such evidence, he does not argue that uncontrollable circumstances prevented him from appearing at trial.  Ealy had options, including raising his objections to proceeding with the Court, but Ealy chose to abscond instead.  In addition, Ealy does not argue that he appeared or surrendered as soon as he was able to do so.  The evidence supports precisely the opposite conclusion:  that Ealy intended to stay away from the Court for as long as possible.

The Court finds that Ealy is **GUILTY** of Count One of the Indictment.

### B. Counts Two and Three – Failure to Appear at Trial on November 18 and 19, 2014

Counts Two and Three of the Indictment charge Ealy with failing to appear at trial on November 18 and 19, 2014, respectively.  Based on the same evidence previously discussed, the Government established the first and second elements of this offense under both Counts Two and Three.  Specifically, the Court finds, as to both Counts:  (1) that Ealy was released under Chapter 207 of Title 18 of the United States Code; and (2) that the conditions of his release required him to appear before the Court on November 18 and 19, 2014.

In closing argument, Ealy argued that the Government's evidence was insufficient to establish that Ealy knowingly and willfully failed to appear at trial on November 18 and 19. Ealy argued that, because he was not at trial on November 17 and there is no evidence that he received notice by any other means, he did not know that trial had been scheduled to resume on November 18 and 19. As a result, he could not have knowingly failed to appear at trial on those dates.

In response, the Government argued that it need not prove actual knowledge where the defendant deliberately avoided receiving notice of his obligation to appear. The Government's position is well-supported by the caselaw in the Sixth Circuit, as well that in other Circuits. *See United States v. Yates*, 698 F.2d 828, 831 (6th Cir. 1983) (defendant "may not purposefully engage in a course of conduct to prevent him from receiving notice by absconding and using assumed names and successfully attack this kind of evidence as insufficient to establish a willful failure on his part as charged in the indictment"); *see also Weaver v. United States*, 37 F.3d 1411, 1413 (9th Cir. 1994) (government not required to prove that defendant had actual notice of correct trial date when evidence "compels the conclusion that [he] actively avoided learning of the correct trial date"); *United States v. Martinez*, 890 F.2d 1088, 1093 (10th Cir. 1989)("[F]ailure to keep in contact and in touch with the situation amounts to a conscious disregard that an appearance date will come and pass.")*; United States v. Bright*, 541 F.2d 471, 476 (5th Cir. 1976) ("A defendant's failure to appear because he purposefully engaged in a course of conduct designed to prevent him from receiving notice to appear can clearly be as 'willful' as when he receives and deliberately ignores a notice to appear."). Here, the evidence presented at trial compels the conclusion that Ealy absconded from trial and deliberately avoided communications that would have put him on notice of his obligation to appear at trial on November 18 and 19. The Court finds that the Government has met its burden of proof on the third and final element of Counts Two and Three.

The Court rejects Ealy's "Notice of Necessity Defense" argument as to Counts Two and Three for the same reasons discussed above as to Count One. Accordingly, the Court finds that Ealy is **GUILTY** of Counts Two and Three of the Indictment.

## II.    DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL

Ealy moved for a judgment of acquittal under Fed. R. Crim. P. 29 on Counts Two and Three of the Indictment. Ealy's motion consisted of two arguments. First, Ealy argued that the Indictment is multiplicitous because Counts Two and Three charge Ealy for the same offense charged in Count One. Second, Ealy argued that the evidence was insufficient to convict him on Counts Two and Three because the Government failed to prove that Ealy knowingly failed to appear at trial on November 18 and 19. For the reasons discussed below, neither of these arguments has merit.

"An indictment is multiplicitous, and thereby defective, if a single offense is alleged in a number of counts, unfairly increasing a defendant's exposure to criminal sanctions." *United States v. Harris*, 959 F.2d 246, 250 (D.C. Cir. 1992), abrogated on other grounds, *United States v. Stewart*, 246 F.3d 728 (D.C. Cir. 2001); *see also United States v. Duncan*, 850 F.2d 1104, 1108 n.4 (6th Cir. 1988) ("A multiplicitous indictment charges a single offense in several counts."). To determine whether the counts charged in an indictment are mulitplicitous, courts use the *Blockburger* test. *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Under that test, an indictment does not contain multiplicitous counts if each count requires proof of a fact not required to establish the other counts. *Id*.; *United States v. Stafford*, 512 F.3d 833, 844 (6th Cir. 2008).

In this case, each of the Counts charged in the Indictment require proof of a unique fact, namely that Ealy knowingly failed to appear on the particular date alleged in each Count. *See United States v. Lacefield*, 146 Fed. Appx. 15, 19-20 (6th Cir. 2005); *United States v. Sanford,*

8

*Ltd.*, 859 F. Supp. 2d 102, 123 (D.D.C. 2011). As a result, the three Counts charged in the Indictment are not multiplicitous under the *Blockburger* test.

Ealy argued that the Indictment is multiplicitous because a failure to appear is a continuing offense, like the offenses of escape and conspiracy. Ealy directed the Court to *United States v. Green*, 305 F.3d 422 (6th Cir. 2002), in which the Sixth Circuit held that failure to appear in violation of 18 U.S.C. § 3146 is a continuing offense. Although the statute itself "does not shed any light on whether Congress intended a failure to appear to be a continuing offense," the Sixth Circuit reasoned that "the nature of the crime of a failure to appear compels the conclusion that a failure to appear is a continuing offense. Like the crime of escape, the crime is not complete on the day that a defendant fails to appear for sentencing, but rather continues until the defendant is apprehended and finally appears for sentencing." *Green*, 305 F.3d at 432-33.

In *Green*, the issue was not whether charges in an indictment were multiplicitous. The issues were what sentencing guidelines to apply and whether the sentencing calculation for the defendant's failure to appear conviction should be made separately or considered an upward adjustment to his conviction for a drug-related offense. *Id*. at 431-32. The 1998 sentencing guidelines calculated the sentences separately, while the 1990 guidelines considered the failure to appear offense an upward adjustment. *Id*. The Sixth Circuit concluded that the district court was correct in applying the 1998 sentencing guidelines because they were the guidelines in effect when the defendant, who absconded in 1990, finally appeared and his sentencing hearing was completed in 2000. *Id*. at 433.

Here, even treating a failure to appear as a continuing offense, the Indictment is not multiplicitous. Under *Green*, a failure to appear continues from the date of the event at which the defendant failed to appear ***until the Court completes that event***. *Id.* at 433. Ealy failed to appear

9

on three different dates as required by his conditions of release, namely the November 17, 2014 trial proceedings, the November 18, 2014 trial proceedings, and the November 19, 2014 trial proceedings. Unlike in *Green*, where the court suspended and did not complete the sentencing hearing until the defendant's capture, Judge Barrett did not suspend the trial proceedings scheduled for November 17, 18, or 19, when Ealy failed to appear on those dates. Instead, Judge Barrett went forward, conducted and completed the trial proceedings scheduled for each of those dates. Even if construed as a continuing offense (which continues until the completion of the event at which the defendant fails to appear), Ealy's failure to appear on November 17 was completed on November 17 because Judge Barrett went forward with the trial proceedings scheduled for that day. The same is true for Ealy's failure to appear at the trial proceedings on November 18 and his failure to appear at the trial proceedings on November 19. In sum, Ealy was charged with three separate offenses, each of which was completed on the day that Ealy failed to appear. As a result, Ealy is not charged with the same offense in the three Counts of the Indictment, but three separate offenses that, even if continuing, only "continued" until the Court completed the trial proceedings on the day that Ealy failed to appear. If the Court had suspended trial when Ealy failed to appear on November 17, 2014, and resumed trial after Ealy's capture, then Ealy would have failed to appear at only one event – the trial proceedings scheduled for November 17. However, those are not the facts in this case and the Indictment is not multiplicitous.

Ealy's second argument, that the evidence is not sufficient to support a conviction on Counts Two and Three, is overruled for the reasons stated in the first half of the Court's opinion finding Ealy guilty of those Counts.

Ealy's motion for a judgment of acquittal under Fed. R. Crim. P. 29 is **DENIED**.

10

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, November 4, 2015.

                                                                                   s/Thomas M. Rose

                                                                 _____
                                                                         THOMAS M. ROSE
                                                     UNITED STATES DISTRICT JUDGE